## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jae Young Yum<br>              Debtor | CHAPTER 13 |
| Specialized Loan Servicing, LLC as servicer for the Bank of New York Mellon f/k/a The Bank of New York as successor Indenture Trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2007-B<br>              Movant<br>vs. | NO. 17-14599 MDC<br><br>11 U.S.C. Section 362 |
| Jae Young Yum<br>              Debtor<br><br>William C. Miller Esq.<br>              Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,297.18**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 1, 2017 through January 1, 2018 at $2,640.81/month |
| Suspense Balance: | ($2,625.25) |
| **Total Post-Petition Arrears** | **$5,297.18** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an amended Chapter 13 Plan to include the post-petition arrears of **$5,297.18**.

b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,297.18** along with the pre-petition arrears;

c) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

d) Beginning with the payment due February 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of **$2,640.81** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month) at the address below:

Specialized Loan Servicing, LLC
PO Box 6360007
Littleton, Colorado 80163

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 30, 2018

By: /s/ Rebecca A. Solarz
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: _____

Carol B. McCullough, Esq.
Attorney for Debtor

Date: 3/9/18

_____
William C. Miller
Chapter 13 Trustee

*No objection*

*without prejudice to any trustee rights or remedies*

Approved by the Court this 14th day of March, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman